
FILED

MAR 1 0 2023

Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| Agness Mccurry, Etha Jones | ) | |
| Plaintiffs | ) | |
| V. | ) | Case No. _3:23 cv 90_ |
| Senior Judge Thomas Wright | ) | Jury Trial Requested |
| Defendant | ) | Varlan / McCook |

PLAINTIFF AGNESS MCCURRY'S COMPLAINT FOR CIVIL RIGHTS

VIOLATION UNDER 18 U.S. Code § 242 - DEPRIVATION OF RIGHTS

UNDER COLOR OF LAW AND FALSE IMPRISONMENT  25 CFR § 11.404

BY DEFENDANT SENIOR JUDGE THOMAS WRIGHT ON FEBRUARY 7TH

2023 AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS TO

PLAINTIFF ETHA JONES BY DEFENDANT.

---

**Agness Mccurry**

512 Swadley Rd H 64

Johnson City TN 37601.

423-943-3200

**Etha Jones**

100 Civic Dr 108

Hercules CA 94547.

510-258-370

1

# I.   <u>TABLE OF CONTENTS</u>

I.   TABLE OF CONTENTS.................................................................................... 2

II.   APPENDIX OF EXHIBITS AND AUTHORITIES ...................................... 3

III.   BACKGROUND .......................................................................................... 4

IV.   PLAINTIFF AGNESS MCCURRY'S STATEMENT OF CLAIMS AND
FACTS SUPPORTING THE CLAIM ...................................................................11

V.   PLAINTIFF ETHA JONES  STATEMENT OF CLAIMS AND FACTS
SUPPORTING THE CLAIM...............................................................................16

VI.   BASIS FOR JURISDICTION ....................................................................22

VII.   RELIEF SOUGHT ....................................................................................22

VIII.   CERTIFICATE OF SERVICE ................................................................23

Case 2:23-cv-00029-TAV-CRW    Document 1    Filed 03/10/23    Page 2 of 24    PageID
#: 2

# II. APPENDIX OF EXHIBITS AND AUTHORITIES

## State Code

T.C.A 40-7-106........................................................................................................... 7

Tenn. Code Ann. § 28–3–104 ................................................................................... 12

## Other Authorities

https://www.americanbar.org/groups/public_education/resources/law_related_education_network/how_courts_work/openingstatements/ ................................................................. 8

## State Rules

Rule 42 of Tennessee Rules of Criminal Procedure ................................................. 9

## Appendix of Exhibits

**Exhibit A Copy of Sole Emergency Custody Petition, Order Granting Sole Custody** ....................... 5

**Exhibit B Order Setting Trial for February 7th 2023** ....................................................... 5

**Exhibit C Order of Recusal by Judge Lauderback** ............................................................ 5

**Exhibit D Copy of 1st November 30th 2022 Order** ........................................................... 5

**Exhibit E Copy of Motion for Stay and Continuance** ....................................................... 5

**Exhibit F Copy of 2nd Order filed November 30th 2022** ................................................... 5

**Exhibit G Copy of Motion Requesting Court Date and Zoom Details for Witness Etha Jones** ........ 6

**Exhibit H Recording of February 7th 2023 Trial** .................................................... passim

**Exhibit I Copy of Phone Call Log List** ......................................................................... 7

**Exhibit J First Order of Contempt filed by Judge Wright** ................................................. 8

**Exhibit K Copy of Etha Jones testimony on February 7th 2023** ....................................... 10

**Exhibit L Copies of Agness VAWA** ............................................................................ 10

**Exhibit M Copy of Contempt Order** ............................................................................ 11

**Exhibit N Copy of Treatment Records and Medical Bills** ................................................ 11

**Exhibit O Copy of Financial Contract** ......................................................................... 11

## Federal Code

18 U.S. Code § 242 ............................................................................................. 12, 23

25 CFR § 11.404 ................................................................................................. 12, 23

42 U.S. Code Subchapter III .................................................................................... 22

## Federal Cases

*Estate of Trentadue ex Rel. Aguilar v. U.S.*, 397 F.3d 840, 855-56 (10th Cir. 2005). ............. 17

*Wallace v. Kato*, 549 U.S. 384, 389 (2007)................................................................. 12

## State Cases

*Stubbs v. State*, 216 Tenn. 567, (Tenn. Sup. Ct. 1965)................................................................. 7

# III. <u>**BACKGROUND**</u>

This lawsuit is entered in due to the False Imprisonment 25 CFR § 11.404 of Plaintiff Agness Mccurry and Deprivation of Rights under Color of Law 18 U.S. Code § 242 by Defendant Senior Judge Thomas Wright on February 7th 2023 at Washington County, Tennessee Courtroom 7. Plaintiff Etha Jones, Godmother and Mentor to Agness Mccurry, is suing Defendant for causing her emotional distress for witnessing Agness' unlawful incarceration; She is also suing for the emotional distress created by the prolonged hold on Webex without knowledge of Agness whereabouts.

Agness was scheduled for trial on February 7th 2023 with Defendant Judge Wright for a Sole Emergency Custody Petition granted to her ex-husband Benjamin Mccurry on September 29th 2022 by former recused Judge James Lauderback See **Exhibit A Copy of Sole Emergency Custody Petition, Order Granting Sole Custody and Exhibit B Order Setting Trial for February 7th 2023**. Judge Lauderback recused himself from Agness divorce and child custody case due to a pending lawsuit citing him as a Defendant in Chancery Court **See Exhibit C Order of Recusal by Judge Lauderback**.

4

Judge Wright had attempted to have a trial for the Sole Emergency Petition on December 7th 2022 **See Exhibit D Copy of 1st November 30th 2022 Order;** Agness petitioned for a Stay of execution on the Sole Emergency Custody Order and Continuance on the Sole Emergency Petition Proceedings pending resolution of her lawsuit in Chancery Court **See Exhibit E Copy of Motion for Stay and Continuance**. Judge Wright granted Agness her request for stay and continuance in the second Order issued on the same day See **Exhibit F Copy of 2nd Order filed November 30th 2022**; He also allowed both parties to schedule a trial upon their own request in future.

Although Agness petitioned for a court date first to address the allegations in the Sole Emergency Custody Petition, Judge Wright gave preference to Counsel Phillips at the hearing See **Exhibit G Copy of Motion Requesting Court Date and Zoom Details for Witness Etha Jones**.

When the trial commenced on February 7th 2023, Judge Wright swore in all the witnesses except Etha Jones on Webex **See Exhibit H Recording of February 7th 2023 Trial at 00:08:00**. Judge Wright then proceeded to: 1) Permit Counsel Phillips to present her opening statement uninterrupted at **Exhibit H 01:33:00 to 00:11:31.** 2) Block Agness midway through her opening statement to debate her lawful permanent residency under the federal Violence Against Women Act (VAWA) 42 U.S. Code Subchapter III at **Exhibit H 00:13:14 to 00:19:11.**

5

The approved VAWA became a contentious subject matter during Agness opening statement; Judge Wright persistently debated its authenticity and was determined to discredit its validity by alleging that it expired December 24th 2019 at **Exhibit H 00:20:06 to 00:25:40**. Agness wasn't sure why the VAWA had struck a nerve with Judge Wright personally such that he incarcerated her over its approval at **Exhibit H 00:25:40-49**.

When Judge Wright ordered a recess and for Agness to be taken into custody, he immediately left the courtroom without providing her with a reason or her rights at **Exhibit H 00:25:49.** Agness was forced to call her witness Etha Jones who was waiting on hold to testify via Webex **See Exhibit I Copy of Phone Call Log List** and at **Exhibit H 00:25:55 to 00:27:17**. Agness was exercising her constitutional right to a 1 hr Phone Call according to T.C.A 40-7-106 (b): "(b) No person under arrest by any officer or private citizen **shall** be named in any book, ledger or any other record until after the person has successfully completed a telephone call to an attorney, relative, minister or any other person that the person shall choose, without undue delay. One (1) hour **shall** constitute a reasonable time without undue delay. However, if the arrested person does not choose to make a telephone call, then the person **shall** be booked or docketed immediately."

Because the word "**shall**" is used in T.C.A 40-7-106, "the language leaves no room for discretion" and "when the word "shall" is used in constitutions or statutes

6

it is ordinarily construed as being mandatory and not discretionary. *Louisville N.R. Co. v. Hammer,* 191 Tenn. 700, 236 S.W.2d 971, 973" See *Stubbs v. State*, 216 Tenn. 567, 576 (Tenn. Sup. Ct. 1965). The arresting officers violated Agness right to a phone call by grabbing her phone and cutting communication with Etha Jones. Agness then incurred charges of resisting arrest and assault on a first responder see Exhibit .

Judge Wright on his recess filed an Order alleging that Agness was guilty of "Contempt of Court" See **Exhibit J First Order of Contempt filed by Judge Wright at 1:25pm**. Although Judge Wright alleged that Agness was guilty of "Contempt of Court", he established that Agness was giving an opening statement in his Order. As a Senior Judge for many years, he was fully aware that opening statements are not "argumentative."

> The purpose of opening statements by each side is to tell jurors [judges] something about the case they will be hearing. The opening statements must be confined to facts that will be proved by the evidence, and **cannot be argumentative**. The trial begins with the opening statement of the party with the burden of proof. This is the party that brought the case to court--the government in a criminal prosecution or the plaintiff in a civil case--and has to prove its case in order to prevail. The defense lawyer follows with his or her opening statement. In some states, the defense may reserve its opening statement until the end of the plaintiff's or government's case. Either lawyer may choose not to present an opening statement. See "How Courts Work." American Bar Association, https://www.americanbar.org/groups/public_education/resources/law_related_education_network/how_courts_work/openingstatements/.

Therefore, Judge Wright was clearly at fault for violating Agness Due Process right to an opening statement that he only afforded Counsel Phillips. Despite Judge

Wright alleging in his Order that he had "asked Counsel Phillips a question", he was having a debate with Agness over her VAWA see **Exhibit H 00:24:12 to 00:25:40**.

After about 3 hours, Judge Wright returned to the courtroom and ordered Agness to be released from custody. Judge Wright stated that he ordered Agness to be taken into custody in order to "cool off" which was false at **Exhibit H 03:48:51 to 03:51:27**; Judge Wright never provided Agness with any reason for her arrest when he took a recess. Agness was told the reason for her arrest after 1:25pm when Judge Wright filed his Order; This was a violation of Due Process under the 14th Amendment and Rule 42 of Tennessee Rules of Criminal Procedure[1].

Rule 42 of Tennessee Criminal Procedure provides disqualification of a judge when it involves "disrespect to or criticism of a judge"; Judge Wright continued to

---

[1] **(a) Summary Disposition.** A judge may summarily punish a person who commits criminal contempt in the judge's presence if the judge certifies that he or she saw or heard the conduct constituting the contempt. The contempt order shall recite the facts, be signed by the judge, and entered in the record. **(b) Disposition on Notice and Hearing.** A criminal contempt shall be initiated on notice, except as provided in subdivision (a) of this rule. (1) *Content of Notice.* The criminal contempt notice shall: (A) state the time and place of the hearing; (B) allow the alleged contemner a reasonable time to prepare a defense; and (C) state the essential facts constituting the criminal contempt charged and describe it as such. (2) *Form of Notice.* The judge shall give the notice orally in open court in the presence of the alleged contemner or by written order, including an arrest order if warranted. The notice and order may also issue on application of the district attorney general, an attorney appointed by the court for that purpose, or an attorney representing a party in the case. (3) *Release on Bail.* The alleged contemner is entitled to admission to bail as provided in these rules. (4) **Disqualification of Judge.** When the contempt charged involves disrespect to or criticism of a judge, that judge is disqualified from presiding at the hearing, except with the alleged contemner's consent. (5) **Punishment Order.** If the court finds the alleged contemner to be in contempt, the court shall enter an order setting the punishment.

preside over the trial after lecturing Agness to "have respect for his authority" **see Exhibit H 03:49:52**. Agness never knew that: 1) Opening statements were disrespectful to Judge Wright. 2) Her approved VAWA was seen as an attack on Judge Wright's authority who alleged it was expired.

The trial was allowed to continue with testimony from DCS workers Christal Lane and her supervisor Kevin Grindstaff; Both were parties to Agness lawsuit in Chancery Court also presided by Judge Wright. Agness was not allowed to object to anything that was going on in the trial for fear of more retaliation by Judge Wright.

When Agness witness Etha Jones took the stand to testify, Judge Wright did not bother to swear her in **Exhibit K Copy of Etha Jones testimony on February 7th 2023 at 00:00:00 to 00:00:11.** Ms. Jones also expressed the emotional distress of witnessing the unlawful arrest of Agness caused by Judge Wright **see Exhibit K 00:00:19**. Judge Wright attacked Etha Jones personally while she was giving testimony about Agness VAWA stating that she was not "an immigration expert" or Agness **see Exhibit K 00:29:03**. Meanwhile, Judge Wright had confessed that he didn't know what a VAWA was **see Exhibit K 03:53:15**.

Also, Agness was much more knowledgeable about the VAWA since she petitioned for it herself to United States Citizenship and Immigration Services

9

(USCIS) **Exhibit L Copies of Agness VAWA**. Judge Wright even felt confident to accuse USCIS of granting a VAWA that was "one-sided" **see Exhibit H 00:29:03.** Therefore, it was extremely clear that Judge Wright had irreconcilable differences with the VAWA which had nothing to do with him. Agness obtained the VAWA as the result of the domestic abuse from Benjamin Mccurry during the marriage; Judge Wright was recently assigned to the case on November 10th 2022 yet he already had a personal bias against Agness.

Agness was incarcerated again for the second time because she objected to the use of her federal lawsuit citing the Tennessee Court of Appeals Eastern Division 3:22-CV-00380 See **Exhibit M Copy of Contempt Order filed 7:30pm**. Judge Wright lacked subject matter jurisdiction to request for a lawsuit that he is not presiding over. Because Judge Wright rejected Agness federally recognized VAWA, he was not entitled to her federal lawsuit. After Agness was incarcerated, Judge Wright resumed the trial with only Counsel Phillips and her client Benjamin Mccurry. The three of them agreed on a court date of March 24th 2023 despite the crime that had been committed to Agness.

Once Agness had bailed herself from jail, she received medical treatment from Johnson City Medical Center (JCMC) **See Exhibit N Copy of Treatment Records and Medical Bills**. Agness sustained injuries from the excessive force of the officers at the detention center; The officers subjected Agness to bodily injury

10

because they were not provided the reason for her arrest. Agness ended up receiving financial support from Etha Jones because she was off work recovering from her injuries See **Exhibit O Copy of Financial Contract.**

# IV. <u>PLAINTIFF AGNESS MCCURRY'S STATEMENT OF CLAIMS AND FACTS SUPPORTING THE CLAIM</u>

Plaintiff Agness Mccurry is seeking damages from her unlawful incarceration by Defendant Judge Thomas Wright on February 7th 2023 due to her status under VAWA (Violence Against Women Act). The statute of limitations for personal injury tort in Tennessee is one (1) year See Tenn. Code Ann. § 28–3–104. Therefore, Agness lawsuit under 18 U.S. Code § 242 Deprivation of Rights and False Imprisonment 25 CFR § 11.404 has been timely filed.

The United States Supreme Court has stated that: "The running of the statute of limitations on false imprisonment is subject to a distinctive rule — dictated, perhaps, by the reality that the victim may not be able to sue while he is still imprisoned: "Limitations begin to run against an action for false imprisonment when the alleged false imprisonment ends." 2 H. Wood, Limitation of Actions § 187d(4), p. 878 (rev. 4th ed. 1916); see also 4 Restatement (Second) of Torts §

899, Comment *c* (1977); A. Underhill, Principles of Law of Torts 202 (1881)." See *Wallace v. Kato*, 549 U.S. 384, 389 (2007).

Agness false imprisonment for direct civil contempt ended on February 8th 2023. This was after Judge Wright ordered her to be arrested for 24hrs because she objected to the use of her federal lawsuit for Counsel Phillip's Sole Emergency Custody Petition. Judge Wright retaliated against Agness when she petitioned for his recusal on February 13th 2023 **See Exhibit P Copy of Motion to Recuse and Exhibit Q Order Denying Recusal;** He amended his 7:30pm Contempt Order from "direct civil contempt" to "direct criminal contempt" on February 16th 2023 **See Exhibit R Copy of Amended Order**. This action still deprived Agness of Due Process under the 14th Amendment by not providing her with a notice of hearing to challenge the allegations and provide witnesses.

"The elements of false imprisonment are (1) willful detention, (2) without consent, and (3) without authority of law. *Sears, Roebuck Co. v. Castillo*, 693 S.W.2d 374, 375 (Tex. 1985). " See *Pete v. Metcalfe*, 8 F.3d 214, 218 (5th Cir. 1993). Agness came to trial to provide a defense to the allegations in her ex-husband Benjamin Mccurry's Sole Emergency petition. Agness was exercising her Due Process right to an opening statement before Judge Wright escalated it to a debate regarding the validity of her VAWA **see Exhibit H 00:13:14 to 00:25:49** . Because Agness refused to accept Judge Wright's false assertions that her VAWA

12

expired on December 24th 2019, Judge Wright maliciously ordered her incarceration without her "consent or authority of law".

Judge Wright showed strong bias against Agness for no reason; Judge Wright alleged that Agness' refusal to accept his false statements regarding the authenticity of the VAWA showed no "respect for his authority" **see Exhibit H 03:49:52**. Despite admitting that he did not know what a VAWA was, Judge Wright felt justified to detain Agness on erroneous grounds.

While Agness was in handcuffs due to the additional charges she incurred for resisting arrest and assaulting a first responder, Judge Wright felt justified to insult her and Plaintiff Etha Jones stating that they were both not "immigration experts" **see Exhibit K 00:29:03**. Therefore, Judge Wrights actions of incarcerating Agness twice on February 7th 2023 were malicious and willful. Despite USCIS being the expert on determining the final decision on the VAWA, Judge Wright asserted himself to be superior calling their determination of the facts as "one-sided" **see Exhibit H 00:29:03**.

From *Taylor by and Through Walker v. Ledbetter*, 818 F.2d 791, 813 n.8 (11th Cir. 1987), to prevail on a suit for deprivation of rights under section 1983, a section 1983 plaintiff must prove three (3) elements. These elements are: 1) The existence of "a custodial or other special relationship in which the state has

13

exposed the plaintiff to harm or danger" 2) The "nonfeasance" should "cause the deprivation of a constitutional right." 3) The state official should have shown at least "deliberate indifference" to the plaintiff's situation."

Judge Wright's unlawful incarceration exposed Agness to bodily injury from the excessive force of the officers in her holding cell at the detention center. The officers did not read Agness her Miranda rights; Rather they chose to injure her to obtain a confession for their pending case against her. Agness immediately received treatment from the emergency room after she was released on bond on February 8th 2023. This satisfies the first element.

Secondly, Agness had not seen her son since September 29th 2022 due to the Sole Emergency Custody Order granted by former Judge Lauderback. Judge Wright had expressed passionate interest for Agness to receive Due Process and be heard regarding the allegations in the Sole Emergency petition See November 30th 2022 Order; Yet, Judge Wright revealed his strong bias against her and desire to continue the parental alienation from the minor child. Judge Wright even openly professed support for Agness abuser Benjamin Mccurry; He stated that the VAWA was "null and void" because Benjamin was never given "Due Process" to challenge it by USCIS. Thus, Judge Wright deprived Agness of the right to Due Process as retaliation for the approval that USCIS had given her regarding the VAWA.

14

Thirdly, Judge Wright showed "deliberate indifference" to Agness when he insulted her status as a non-us citizen; He mocked her immigration status that it made "no difference to him…no difference whatsoever" **see Exhibit H 00:24:53**. Agness immigration status did matter due to the presence of the minor child between her and Benjamin Mccurry. Then after Judge Wright ordered Agness to be brought back into Court after 3 hours incarceration, he decided to give her an erroneous lecture alleging that she had "disrespected his authority" **see Exhibit H 03:49:52**.

He also stated that: 1) Agness was incarcerated for her to "cool off" and to "conduct herself in an appropriate manner in court." 2) Was clueless by the new charges that she received from the Sheriff's department which was a result of his unlawful arrest order. 3) Wanted to proceed with the trial after robbing Agness of the right to an opening statement that he only gave Counsel Phillips see **Exhibit H 03:52:03 to 03:55:40**.

Therefore, Agness is seeking damages from: 1) The medical bills she incurred recovering from the bodily injury while she was arrested. 2) The lost wages from her recovery of the injuries 3) Punitive damages for the emotional distress that she suffered from the unlawful arrest 4) Any other relief the Court seems fit.

15

# V. PLAINTIFF ETHA JONES STATEMENT OF CLAIMS AND FACTS SUPPORTING THE CLAIM

Etha Jones is seeking damages for the: 1) Trauma and emotional distress that she experienced while on the phone listening to Agness being unlawfully incarcerated. 2) Personal attacks from Judge Wright as she presented testimony on Agness behalf. 3) Financial loan of $5000 that she provided to Agness to help her catch up with bills while she was recovering from her injuries after her release.

" Oklahoma first recognized intentional infliction of emotional distress as an independent tort in *Breeden v. League Services Corp.,* 575 P.2d 1374 (Okla. 1978). *Breeden* teaches that the cause of action is governed by the narrow standards of the Restatement (Second) of Torts § 46. *Id.* at 1376. To recover damages for intentional infliction of emotional distress a plaintiff must prove: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the emotional distress was severe. *See Daemi v. Church's Fried Chicken, Inc.,* 931 F.2d 1379, 1387 (10th Cir. 1991) (applying Oklahoma law); *Computer Publ'n, Inc. v. Welton,* 49 P.3d 732, 735 (Okla. 2002)."

*See Estate of Trentadue ex Rel. Aguilar v. U.S.*, 397 F.3d 840, 855-56 (10th Cir. 2005).

Etha Jones was scheduled to testify on Agness behalf to address some of the allegations in the Sole Emergency Petition on February 7th 2023. She logged onto the Webex account at 7:30am (PST) from the information provided to her by Deputy Clerk, Angelia Facemyer for the trial scheduled for 10am (EST).

Ms. Jones held for hours on the Webex account and had to login every 30 minutes as it would time-out; No one provided her with any acknowledgement while she was waiting to be brought into trial.

Around 10:26am (EST), Ms. Jones received a call from Agness McCurry with her crying saying that Judge Wright was having her arrested **See Exhibit T Recorded phone call of Agness arrest**. Ms. Jones couldn't understand why she was being arrested; Agness stated that it was because of her "VAWA" and that Judge Wright was very corrupt. Agness was crying loudly saying "no, no, no, what have I done." The call with Agness was approximately two (2) minutes.

After the call dropped, Ms. Jones fell to her knees shaking and developed a booming headache for most of the day. She was so overwhelmed with anxiety, feeling sick to her stomach and stuck in a twilight zone. Then at around 10:30am (PST), Ms. Jones received an email from Angelia Facemyer, stating that the court would be at recess and would resume at 1:30pm (EST). When Ms. Jones called the courthouse and spoke with a Clerk inquiring the reason for her lack of

acknowledgment, she stated that it was "up to the judge" **See Exhibit U Copy of Recorded Phone Call with Clerk.** Because of the delay in the hearing, Ms. Jones was forced to cancel her annual eye examination which caused a charge for the cancellation on the same day **See Exhibit V Copy of Drs Appointment that was canceled**.

After the appointed time for the hearing to resume at 1:30pm (EST), Ms. Jones was still not allowed into the hearing or acknowledged whether she was on the Webex. Ms. Jones called the Clerk's office again to inquire about her time to testify and was informed that it was up to the judge. Ms. Jones thus resorted to holding on the Webex call for however long it would take.

Ms. Jones had held on hold for almost the whole day until finally at 4:40pm (EST), she was let into the hearing and was addressed by Judge Wright. Judge Wright asked Ms. Jones whether she was ready to give her testimony; She immediately responded with her concerns about what had happened earlier regarding Agness' well-being. Judge Wright ignored her concerns and instructed her to proceed with her personal introduction and testimony; She complied without Judge Wright swearing her under oath.

While giving testimony on Webex, Ms. Jones noticed that Agness was in handcuffs and this was very disturbing to her; She couldn't understand the reason

for such extreme abuse from a justice system that is supposed to protect the rights of people. After providing testimony, Ms. Jones waited to hear back from Agness.

Around 7:30pm (EST), Ms. Jones received several calls from a strange phone number; When she finally answered the call it was Agness calling from her jail cell. Agness informed her that after she was incarcerated for a second time due to her objections regarding the use of her federal lawsuit against the Clerk Office of the Tennessee Court of Appeals at the Eastern Division See Exhibit .

After speaking with Agness and getting the full details of what actually transpired, Ms. Jones learned that: 1) Agness was held in the detention center during trial then after the recess she returned handcuffed. 2) Agness was deprived with the ability to write or take notes during trial. 3) Judge Wright had issued Orders for criminal charges. Ms. Jones concluded that Agness suffered from a miscarriage of justice.

Ms. Jones also learned that Agness was abused by the prison staff who: 1) Pepper sprayed her. 2) Knocked her head into concrete walls. 3) Battered and abused her body to provide a confession. Ms. Jones then asked Agness if she knew what her bail was and she didn't know.

After hanging up with Agness, she called the Tennessee Bonding Company and spoke with Cody to obtain Agness' bond amount which was actually $300.

19

Since Ms. Jones was from California (out of state), there would be an additional fee of $2500 to bond her out. Cody informed Ms. Jones that she would be refunded after Agness attended Court; Therefore, the total amount including the fees came to $2787 which she paid.

Agness called Ms. Jones around late 9pm informing her that she had bonded her self out. Ms. Jones called Cody back and requested that the $2787 be refunded to her card which was done after some days. Because Agness received bodily injuries and pain from the abuse of the officers, she was unable to work for approximately two weeks. This caused a financial burden on her and put her in a bind. Ms. Jones extended a personal loan to Agness of $5000 to help her relieve the pressure of her financial burdens.

Judge Wright's actions on February 7th 2023 were intentional and an attempt to chase Ms. Jones away from testifying. It was completely "extreme and outrageous" for Judge Wright to incarcerate Agness for about 3hrs due to her lawful status under the VAWA. Ms. Jones suffered so much emotional distress and anxiety when she heard Agness cries on the phone before it hung up. Ms. Jones had to be comforted by her daughter due to worries and panic attacks especially as a senior citizen. Ms. Jones had known Agness since 2018 and never encountered this before.

Ms. Jones can no longer trust Agness to go into court alone for fear that she might be incarcerated again by Judge Wright. Ms. Jones is convinced that Judge Wright has an agenda to strip Agness from her son and have her deported in the best interests of her abuser. This fear has caused anxiety issues that have never subsided since February 7th 2023; Being a senior citizen exposed to this is elder abuse.

Date: 3/10/23                                         Respectfully Submitted,

**Agness Mccurry Pro Se**
512 Swadley Rd H 64
Johnson City TN 37601.
423-943-3200

**Etha Jones, Pro Se**
100 Civic Dr 108
Hercules CA 94547.
510-258-3705.

# VI. **BASIS FOR JURISDICTION**

This federal lawsuit arises from the actions of Defendant Judge Thomas Wright who falsely imprisoned Plaintiff Agness Mccurry based off her lawful permanent residency status under the Violence Against Women Act (VAWA) 42 U.S. Code Subchapter III. Judge Wright also incarcerated Agness the second time while she was exercising her Due Process right to reject the use of her federal lawsuit against the Tennessee Court of Appeals at the Eastern Division 3:22-CV-380.

The actions of Judge Wright violated 18 U.S. Code § 242 Deprivation of Rights Under Color of Law, False Imprisonment 25 CFR § 11.404 and Due Process under the 14th Amendment. Therefore, under 28 U.S.C § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Agness Mccurry and Etha Jones lawsuit is a federal question case.

# VII. **RELIEF SOUGHT**

Plaintiff's Agness Mccurry and Etha Jones seek relief from this Court that after reviewing their lawsuit and receiving a response from Defendant that:

1. That a Court hearing be set to address the allegations for false imprisonment and deprivation of rights to Plaintiff Agness Mccurry. Also, to address the

intentional infliction of emotional distress to Plaintiff Etha Jones by Defendant Judge Wright.

2. That Compensatory, Special and Punitive damages be determined at trial.

3. That attorney fees be awarded to both Plaintiff's while court costs and other fees be taxed to the Defendant.

4. Any other relief that this Court seems fit.


Date: 3/10/23

**Agness Mccurry Pro Se**

512 Swadley Rd H 64

Johnson City TN 37601.

423-943-3200


**Etha Jones, Pro Se**

100 Civic Dr 108

Hercules CA 94547

510-258-3705


# VIII.  <u>CERTIFICATE OF SERVICE</u>

Plaintiff's Agness Mccurry and Etha Jones hereby certify that a true and exact copy of this lawsuit was served upon the following persons:

23

Office of the Attorney General

Civil Division

P.O. Box 20207
Nashville, TN 37202-0207
Telephone: (615) 741-3491.

By depositing the same in the US mail this Friday 10th March 2023.

**Agness Mccurry Pro Se**

512 Swadley Rd H 64

Johnson City TN 37601.

423-943-3200

**Etha Jones, Pro Se**

100 Civic Dr 108

Hercules CA 94547

510-258-3705