# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE

ETHA JONES and )
AGNESS McCURRY, )
)
        Plaintiffs, )
)
v. )   No.:   2:23-CV-29-TAV-CRW
)
JUDGE THOMAS WRIGHT, )
ABBY WALLACE, )
AMY BRIGGS, )
JUDGE JAMES LAUDERBACK, )
JEFFREY WARD, )
JUDGE JOHN RAMBO, )
JUDGE JONATHAN MINGA, )
JOSEPH SHULTZ, )
KELLY McCURRY, )
JUDGE LISA RICE, )
MARK HARRIS, )
JUDGE STACY STREET, )
STEVE FINNEY, )
JUDGE SUZANNE COOK, )
BENJAMIN McCURRY, and )
SANDY PHILLIPS, )
)
        Defendants. )

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on plaintiffs' motion for reconsideration [Doc. 134], and motions to seal [Docs. 136, 137]. For the reasons stated herein, plaintiffs' motion for reconsideration [Doc. 134] is **DENIED**, their first motion to seal [Doc. 136] is **GRANTED**, and their second motion to seal [Doc. 137] is **DENIED**.

### A.    Motion for Reconsideration

On March 5, 2024, this Court entered a memorandum opinion and judgment order dismissing this case in its entirety [Docs. 132, 133]. The same day, plaintiffs filed a

"Motion and Memorandum of Law to Vacate Memorandum of Opinion Doc 132 Judgment and Order Doc 133 Pursuant to Rule 60B(2) (3) & (6)," which the Court construes as a motion for reconsideration under Federal Rule of Civil Procedure 60(b).

Rule 60(b) allows a court to relieve a party from a final judgment for specific reasons, including, of relevance,

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud, misrepresentation, or misconduct by an opposing party; [or]
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A party seeking relief under Rule 60(b) must show the applicability of the Rule. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). Determination of a Rule 60(b) motion is within the discretion of the court. *H.K. Porter Co., Inc. v. Goodyear Tire & Rubber Co.*, 536 F.2d 1115, 1119 (6th Cir. 1976). "However, relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefits Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (internal quotation marks omitted). Thus, "the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (citations omitted).

Here, plaintiffs' motion for reconsideration under Rule 60 largely consists of (1) restatements of the claims they raised in the instant action; and (2) new allegations against both parties and non-parties [Doc. 134]. At no point do plaintiffs specifically

2

address any of the legal analysis contained in the Court's 88-page memorandum opinion [*See* Doc. 132]. Instead, the only direct statements relating to that memorandum opinion and accompanying judgment are that such "were entered by mail and wire fraud," are "void because they were based off unconstitutional actions and fraud of the Defendants in this case at the State level," and relied upon United States Magistrate Judge Cynthia R. Wyrick's "fraudulent and criminal" report and recommendations which was "misprision of a felony" [Doc. 134, pp. 1, 7, 10, 12]. But plaintiffs provide no further explanation regarding how this Court's memorandum opinion and judgment order, or Judge Wyrick's R&R's, are "fraudulent," other than the fact that the rulings contained therein did not adopt their position on this case. This is insufficient to establish entitlement to relief under Rule 60(b)(3). *See Info-Hold*, 538 F.3d at 456 (defining "fraud" for purposes of Rule 60(b)(3) as "the knowing misrepresentation of a material fact, or concealment of the same when there is a duty to disclose, done to induce another to act to his or her detriment.").

As to plaintiffs' alleged "new evidence," the Court notes that Rule 60(b)(2) only provides relief when the evidence could not have been discovered within the time for filing a motion for a new trial under Rule 59(e). Fed. R. Civ. P. 60(b)(2). When "a party challenges a judgment resulting from dismissal at the motion-to-dismiss or summary judgment stage, the question is whether the party could have discovered the evidence in time to file a motion to alter or amend the judgment under Rule 59(e)[.]" *Akins v. U.S. Bank, Nat'l Assoc.*, Case No. 2:18-cv-2725, 2019 WL 6878877, at *3 (W.D. Tenn. Dec. 17, 2019). Rule 59(e) permits a motion to alter or amend the judgment within 28 days after

3

entry of the judgment. Fed. R. Civ. P. 59(e). Accordingly, plaintiffs' motion was filed within the Rule 59(e) time frame, and therefore, they cannot proceed under Rule 60(b)(2).

But even if the Court were to construe plaintiffs' request under Rule 60(b)(2) as a request to alter or amend the judgment under Rule 59(e), the Court nonetheless notes that "it is improper to use a Rule 59(e) . . . motion to introduce new evidence that the party simply failed to introduce earlier." *Hanson v. Madison Cnty. Detention Ctr.*, Case No. 5:14-cv-99, 2017 WL 3022323, at *5 (E.D. Ky. July 17, 2017). Plaintiffs cite the following as "new evidence": (1) the State defendants used the instant federal lawsuit to assign Senior Judge D. Kelly Thomas Jr. and prosecutor Kevin Allen to plaintiff McCurry's criminal case; (2) Judge Stacy Street violated Rule 10B, which plaintiff McCurry has raised before the Tennessee Supreme Court; (3) Senior Judge Thomas Wright violated Rule 10B by assigning himself to the criminal case; (4) plaintiff McCurry was evicted from her apartment because Judge Thomas granted a writ of possession and issued a "fraudulent capias" for her arrest on December 6, 2023; and (5) on February 29, 2024, plaintiff McCurry discovered that Judge Thomas has an office in the Court of Appeals and Supreme Court building in Knoxville "to influence the decision of the appeals submitted" [Doc. 14, pp. 8–11].

First, the record shows that Allen was appointed as the prosecutor in plaintiff McCurry's criminal case on October 12, 2023, and it appears that Judge Thomas was assigned to the case prior to that, as he signed the October 12, order [Doc. 134-1, p. 112]. Second, the record shows that, on February 17, 2024, plaintiff McCurry filed an appeal to

4

the Supreme Court of Tennessee raising allegations about Judge Street violating Rule 10B [*Id.* at 136–148]. But it appears from additional filings that the order in which Judge Street allegedly violated Rule 10B was entered on November 27, 2023, and plaintiff McCurry raised this issue with the Tennessee Court of Appeals sometime prior to January 31, 2024, when the Court of Appeals issued its opinion [*Id.* at 149–150]. Third, plaintiff McCurry filed a motion in state court raising claims that Judge Wright violated Rule 10B prior to August 7, 2023 [*See* Doc. 134-1, p. 109 (denying motion as moot)]. Fourth, by plaintiff McCurry's own admission, her eviction and the issuance of a capias for her arrest occurred on or before December 6, 2023 [Doc. 134, p. 10]. Accordingly, none of these incidents constitute "new evidence" for purposes of Rule 59(e), as plaintiffs had knowledge of these events and an adequate opportunity to present them before this Court prior to the ruling on the motions to dismiss.

As to plaintiffs' claim that they recently discovered that Judge Thomas maintains a physical office in the same building as the Tennessee Court of Appeals and Tennessee Supreme Court, even assuming that such is "newly discovered evidence," plaintiffs are not entitled to relief under Rule 59(e), as this new claim would have no impact on the outcome of the instant case. Judge Thomas was not a defendant in this action. Moreover, plaintiffs' claim that Judge Thomas maintains an office space in the same building as the appellate courts "to influence the decision of the appeals submitted" is speculation that could not withstand a Rule 12(b)(6) motion to dismiss. Thus, plaintiffs have not established any relief is appropriate based upon "newly discovered evidence."

5

Furthermore, plaintiffs have not established that reconsideration is warranted on any other just grounds, pursuant to Rule 60(b)(6). Relief under Rule 60(b)(6) is only available upon a showing of "extraordinary circumstances." *Buck v. Davis*, 580 U.S. 100, 123 (2017). It is "reserved for 'unusual and extreme situations where principles of equity *mandate* relief.'" *Taylor v. United States*, Case No. 1:10-cv-1195, 2018 WL 3474085, at *4 (W.D. Tenn. July 19, 2018) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)) (emphasis in original). And a plaintiff "cannot use Rule 60(b) to relitigate his case." *Id.* (citing *Jinks v. Allied Signal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001)). As the Court noted previously, plaintiffs' motion for reconsideration seeks to do exactly that—relitigate the merits of their claims [*See* Doc. 134]. And the appropriate course of action, if plaintiffs are displeased with the Court's ruling, is to file an appeal with the Sixth Circuit Court of Appeals. Accordingly, the Court finds that plaintiffs have not demonstrated any "extraordinary circumstances" warrant relief under Rule 60(b)(6).

For these reasons, plaintiffs' motion for reconsideration [Doc. 134] is **DENIED**.

## B. Motions to Seal

Plaintiffs have filed two motions to seal previously filed exhibits in support of their now-denied motion for reconsideration [Docs. 136, 137]. In the first motion, plaintiffs ask the Court to seal any of plaintiff McCurry's medical records [Doc. 136], identifying Exhibit 2 [Doc. 134-2] to the motion for reconsideration as the relevant document. In the second motion, plaintiffs ask the Court to seal plaintiff McCurry's son's medical records [Doc. 137], identifying page ID numbers 3859–3865 and 3789 of Exhibit 1 [Doc. 134-1] as the

6

portions of the record they seek to seal.

In general, plaintiffs' request to seal the relevant medical records is well taken. However, as a matter of logistics, the Court's electronic filing system does not permit the sealing of only certain portions of a document. Moreover, sealing of a larger exhibit containing only certain pages that merit sealing would be improper. "Courts in the Sixth Circuit have long recognized a strong presumption in favor of openness as to court records, and the burden of overcoming that presumption is borne by the party that seeks to seal them." *Penman v. Correct Care Solutions, LLC*, Case No. 5:18-cv-58, 2022 WL 266627, at *1 (W.D. Ky. Jan. 27, 2022) (internal quotation marks omitted). Thus "the proponent of sealing must analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* (internal quotation marks omitted). In light of this, plaintiffs' first motion [Doc. 136] is **GRANTED**, and Exhibit 2 [Doc. 134-2] will be sealed. However, plaintiffs' second motion [Doc. 137] is **DENIED**, as it seeks to seal certain pages of a larger exhibit.

To the extent that plaintiffs wish to ensure that the documents at issue in the second motion are sealed, the Court would entertain a motion to withdraw Exhibit 1 [Doc. 134-1] and replace with an exhibit that redacts the sensitive medical information.

## C.    Conclusion

For these reasons, plaintiffs' motion for reconsideration [Doc. 134] is **DENIED**. Plaintiffs' first motion to seal [Doc. 136] is **GRANTED** and second motion to seal [Doc. 137] is **DENIED**. The Clerk is **DIRECTED** to place the previously filed document

[Doc. 134-2] under seal.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE