UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ETHA JONES and <br> AGNESS McCURRY, <br><br> Plaintiffs, <br><br> v. <br><br> JUDGE THOMAS WRIGHT, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No.: 2:23-CV-29-TAV-CRW <br> ) <br> ) <br> ) <br> ) |

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on plaintiffs' motion to proceed *in forma pauperis* on appeal [Doc. 146], motion to strike motion to proceed *in forma pauperis* [Doc. 148], and motion to stay the judgment pending completion of the appeal [Doc. 150].

As an initial matter, plaintiffs initially sought leave to proceed *in forma pauperis* on appeal [Doc. 146]. However, plaintiff subsequently sought to strike their own motion for leave to proceed *in forma pauperis*, stating that the Sixth Circuit had informed them that they had already been granted leave to proceed *in forma pauperis* on appeal [Doc. 148]. In light of plaintiffs' representation, the motion to strike [Doc. 148] is **GRANTED** and the motion to proceed *in forma pauperis* [Doc. 146] is **STRICKEN**.

In their motion to stay[1] the judgment [Doc. 150], filed pursuant to Federal Rule of Appellate Procedure 8(a)(1), plaintiffs reiterate many of their prior allegations, which this Court has already deemed meritless [*See* Docs. 132, 141]. And to the extent that the motion

---

[1] Plaintiffs also reference the Court issuing an injunction under Rule 8(a)(1); however, it is unclear what plaintiffs seek the Court to enjoin.

contains any new allegations, they consist of conspiracy theories regarding both the state and federal court systems that are similar to those set forth in plaintiffs' prior filings.

"Courts consider four factors when evaluating a motion to stay pending appeal: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Rowe v. JP Morgan Chase Bank, N.A.*, Nos. 2:23-cv-1704, 2:23-cv-3703, 2024 WL 1254288, at *1 (S.D. Ohio Mar. 25, 2024) (internal quotation marks omitted).

As to the first factor, for all of the reasons previously set forth [*See* Docs. 132, 141], the Court finds that plaintiffs have not shown a likelihood of success on the merits of their appeal. As to the second factor, although plaintiff stated that "Agness will suffer irreparable injury to her parental rights through the fraudulent petition to terminate her parental rights and adoption of I.M [sic] . . . ," [Doc. 150, pp. 5–6], the Court fails to see how its judgment in this case relates to any allegedly fraudulent petition to terminate plaintiff McCurry's parental rights. The third and fourth factors are neutral, as "others and the public are unaffected by the outcome of [plaintiffs'] Motion to Stay." *Rowe*, 2024 WL 1254288, at *1. Accordingly, plaintiffs' motion to stay [Doc. 150] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE