UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ETHA JONES and<br>AGNESS McCURRY,<br><br>      Plaintiffs,<br><br>v.<br><br>JUDGE THOMAS WRIGHT,<br>ABBY WALLACE,<br>AMY BRIGGS,<br>JUDGE JAMES LAUDERBACK,<br>JEFFREY WARD,<br>JUDGE JOHN RAMBO,<br>JUDGE JONATHAN MINGA,<br>JOSEPH SHULTZ,<br>KELLY McCURRY,<br>JUDGE LISA RICE,<br>MARK HARRIS,<br>JUDGE STACY STREET,<br>STEVE FINNEY,<br>JUDGE SUZANNE COOK,<br>BENJAMIN McCURRY, and<br>SANDY PHILLIPS,<br><br>      Defendants. | No.:   2:23-CV-29-TAV-CRW |

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on plaintiffs' third motion for reconsideration under Federal Rule of Civil Procedure 60(b) [Doc. 157]. For the reasons stated herein, plaintiffs' third motion for reconsideration [Doc. 157] is **DENIED**.

As background, on March 5, 2024, this Court entered a memorandum opinion and judgment order dismissing this case in its entirety [Docs. 132, 133]. In its 88-page memorandum opinion, the Court exhaustively explained why plaintiffs were not entitled to relief [Doc. 132]. That same day, plaintiffs filed their first motion for reconsideration under

Rule 60(b) [Doc. 134]. In denying relief under Rule 60(b), the Court explained that plaintiffs did not address any of the legal analysis in the Court's memorandum opinion, but rather, made vague allegations that the judgment in this case was "fraudulent" [*Id*. at 3]. Plaintiffs subsequently filed a second motion for reconsideration, arguing that Judge Thomas Wright's orders in plaintiff McCurry's divorce and child custody cases are void [Doc. 152]. The Court denied this motion, noting that, again, plaintiffs did not specifically address any of the legal analysis in the Court's 88-page memorandum opinion, and reiterating that plaintiffs' claims against Judge Wright were denied for insufficient service of process [Doc. 153].

Plaintiffs now raise two new arguments for relief under Rule 60(b): (1) District Judge J. Ronnie Greer's recent determination in another case that plaintiff McCurry has permanent residency under the Violence Against Women Act ("VAWA") invalidates the Court's judgment in this case; and (2) Attorney Ahillen engaged in misconduct by representing defendants knowing that they were not entitled to immunity and raising false claims of insufficient service of process [Doc. 157]. Neither of these grounds entitled plaintiffs to relief under Rule 60(b).

First, as to the validity of plaintiff McCurry's VAWA, as the Court has repeatedly attempted to make clear, the validity of such is entirely irrelevant to the Court's judgment in this case [*See* Doc. 132, pp. 28–29 ("[t]he existence of plaintiff's alleged VAWA has no impact on the magistrate judge's recommendation, or this Court's order on the motion for preliminary hearing and criminal contempt")]. Accordingly, even assuming that Judge Greer determined that plaintiff McCurry has lawful permanent residency based on an approved VAWA petition, such a holding has no impact on the outcome of this case.

Second, plaintiffs' allegations regarding counsel Ahillen are merely repackaging of their arguments that Judge Wright is not entitled to judicial immunity in this case and that they properly served Judge Wright. But the Court has already determined that plaintiffs did not properly serve Judge Wright, despite numerous opportunities to do so [*See* Doc. 132, pp. 79–84]. The Court did not reach the issue of Judge Wright's judicial immunity, and thus, any argument regarding whether counsel Ahillen validly raised this issue is irrelevant. Moreover, as the Court has determined that plaintiffs did not properly serve the state defendants, including Judge Wright [*see id.*], counsel Ahillen's claim that the state defendants were not properly served is not "false," and is not misconduct warranting reconsideration of the Court's judgment in this case.

For these reasons, plaintiffs' motion for reconsideration [Doc. 157] is **DENIED**.

Additionally, the Court notes that this is plaintiffs' third frivolous motion for reconsideration of the judgment in this case [*See* Docs. 134, 152, 157]. This case has already wasted an inordinate amount of judicial resources, and plaintiffs' continued frivolous filings in this closed case further deplete those limited resources. Plaintiffs are therefore **CAUTIONED** that further filing of frivolous and abusive post-judgment motions in this matter may subject them to sanctions under Federal Rule of Civil Procedure 11, including, but not limited to, the imposition of monetary sanctions or limitation of future filings. *See Mosley v. Doe*, No. 3:18-cv-411, 2018 WL 9811897, at *1 (noting that "sanctions are appropriate when a plaintiff continues attempting to relitigate his claims for damages when that issue had repeatedly been decided against him" (internal quotation marks omitted) and imposing sanctions upon plaintiff's filing of a fourth frivolous post-judgment motion).

Finally, the Court **CERTIFIES** that any appeal from the denial of this motion would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. Accordingly, plaintiffs are **DENIED** leave to appeal *in forma pauperis*.

IT IS SO ORDERED.

<pre>
                              s/ Thomas A. Varlan
                              UNITED STATES DISTRICT JUDGE
</pre>

4